UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAR LEE FRAZIER,

    PETITIONER,

VS.                                                    CIVIL NO.: 04-40220
                                                        CRIM NO.: 03-50025

                                                        HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,         MAG. JUDGE STEVEN D. PEPE

    RESPONDENT.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

Petitioner Char Lee Frazier has filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed on August 10, 2004, (Dkt. #18), and Petitioner's Amended "Motion to Amend Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255," filed on July 17, 2006 (Dkt. #27),[1] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below it is recommended that Petitioner's § 2255 Motion be DENIED.

---

[1] The merits of some of Petitioner's claims in his Motion to Amend are discussed in this report; however, other sections are not, because as Respondent points out, "[t]he remainder of defendant's "Motion to Amend" appears to deal primarily with defendant's concern about the Internal Revenue Service's attempts to assess or collect taxes." (Dkt. #28, page 2).

1

## II. FACTS AND PROCEDURAL HISTORY

Petitioner plead guilty to a charge of obstructing the Internal Revenue Service [IRS] on August 23, 2003. On January 8, 2004, he was sentenced to a term of 18 months imprisonment and a judgment was entered (Dkt. #16). There was no direct appeal. Petitioner's present motion was filed seven months later.

During the hearing in which the district court accepted Petitioner's guilty plea he affirmed the following facts:

> That you prepared false tax returns for some of your clients claiming excessive racing business expenses which in truth your clients did not pay. And that also you prepared monthly invoices for those expenses and that you falsely told IRS officers that your clients had paid those invoices in cash on a monthly basis.
> And also that you advised some of your clients to falsely tell the IRS that they had participated directly in the horse racing business and telling them to claim mileage expenses and/or depreciation of property which in fact they did not use in the racing business.
> And finally that you falsely advised the IRS agents that you conducted monthly meetings with your investors to make cash payments of winnings and expenses.

(Plea Transcript, Dkt. #30).

Currently, Petitioner has served his prison sentence and period of supervised release. Yet, "[w]here a prisoner's sentence is not fully expired at the time of filing, but expires during the litigation of the collateral attack, the proceeding does not become moot." *Hampton v. United States*, 191 F.3d 695, 697 (6th Cir.1999) (citations omitted).

### III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a district court hold an evidentiary hearing[2] to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). As the analysis will show, Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

### IV. ANALYSIS

Petitioner's arguments are difficult to discern at times, but appear to be the following: the Government violated his Fourteenth and Fifth Amendment rights, his sentence was improperly based on certain sentencing factors that were not part of his plea and not proven to a jury, and that his counsel was ineffective for various reasons.

---

[2] The Court has determined that an evidentiary hearing is not necessary in this case.

**Procedural Default**

Petitioner argues that the Government violated his Fifth and Fourteenth Amendment rights in this case (Dkt. #23, pages 5-7). These issues were not raised in a direct appeal because no appeal was pursued. "[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct 1584, 1593 (1982) (citations omitted).

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998) (citation omitted). Where Petitioner "has not demonstrated cause, it is unnecessary to determine if he has shown prejudice." *Eaddy v. United States*, 20 Fed. Appx. 463, 464, 2001 WL 1176382, at *1 (6th Cir. 2001) (unpublished) (citing *Bousley*, 523 U.S. at 623). Petitioner has not demonstrated cause or prejudice. To the extent, he alleges that counsel's ineffectiveness demonstrates cause, those claims will be discussed. *See infra*, discussion at 8-14.

**Right to a Trial by Jury and Sentencing Factors**

Petitioner argues that his sentence was improperly based on certain sentencing factors that were not part of his plea. He states that a jury rather than a judge should have adjudicated his guilt (Dkt. #27, page 3). Yet, Petitioner plead guilty.

In addition, Petitioner argues that the "sophisticated" concealment charges were not part of the indictment and not proven beyond a reasonable doubt (Dkt. #18, page 16). The

"sophisticated" concealment, however, was not a charge. Rather, it was a sentencing enhancement, as the presentence investigation report states: "[t]he defendant used sophisticated concealment to make the offense difficult to detect, therefore, a two level increase in [sic] warranted, pursuant to 2T1.4(b)(2)." (Presentence Investigation Report, page 6). Although the Rule 11 Plea Agreement (which Petitioner signed) included the sophisticate concealment special offense characteristic on Worksheet A (Dkt. #9), Petitioner and his counsel reserved the right to contest the issue of sophisticated concealment (Dkt. #30, pages 24). Counsel filed a motion arguing that the charge was not the result of sophisticated concealment (Dkt. #11). Petitioner's counsel argued this issue at the sentencing hearing (Sentencing Transcript, Dkt. #31, pages 5-8), contrary to Petitioner's claims of ineffective assistance of counsel on this issue as explained below. *See infra*, discussion at 10-11.

Further, to the extent Petitioner argues that this two level enhancement should have been proven beyond a reasonable doubt, his plea was voluntary, with the understanding that he was waiving the right to make the government prove beyond a reasonable doubt each and every element of his offense.

Petitioner also argues that his conviction by guilty plea violated his Sixth Amendment rights because there were facts that should have been submitted to a jury and proven beyond a reasonable doubt, however, Petitioner's testimony shows that his plea was voluntary and he presents no evidence that can lead to any other conclusion.

> THE COURT:   All right. Now you have a right to plead not guilty to this charge which is what you've done to this point and if you stay with that plea you have the absolute right to a jury trial. Do you understand that"
> THE DEFENDANT: Yes, sir.

<pre>                                    * * *

     THE COURT:          At your trial you could not be convicted unless your guilt
                         were proven beyond a reasonable doubt. Do you understand
                         that?

     THE DEFENDANT: Yes, sir.

     THE COURT:          You have no obligation to prove your innocence on this
                         charge, Mr. Frazier, rather it is the government's obligation
                         to prove your guilt beyond a reasonable doubt. Do you
                         understand that?

     THE DEFENDANT: Yes, sir.

     THE COURT:          As you stand before me in this courtroom this afternoon, Mr.
                         Frazier, you're presumed innocent of this charge. And if you
                         went to trial that presumption of innocence would follow you
                         all through the trial and even as jurors went into the jury room
                         to deliberate upon their verdict, the presumption of innocence
                         would still obtain in your favor and it would continue in full
                         force and effect unless and until the jurors found you guilty
                         beyond a reasonable doubt. Do you understand that?

     THE DEFENDANT: Yes, sir.

     THE COURT:          In order for you to be convicted of this charge the jurors
                         would have to unanimously agree that your guilt had been
                         proven beyond a reasonable doubt. So even if one juror had
                         a reasonable doubt as to your guilt, you could not be
                         convicted. Do you understand that, sir?

     THE DEFENDANT: Yes, sir.
</pre>

(Dkt. #31, pages 12, 14-15).

Further, Petitioner argues that the district court's decision in this case conflicts with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) (Dkt. #18; Dkt. #27, pages3-4), because any fact that increased his sentence beyond the statutory maximum should have been proven to a jury beyond a reasonable doubt. Petitioner was sentenced on January 8, 2004. *Blakely* was decided on June 24, 2004. *Blakely* was granted certiorari by the United States Supreme Court October

20, 2003, and thus counsel should have been aware of the issue regarding proofs and necessary jury findings.

Nonetheless, at the time of his sentencing, *Apprendi* was the current law on the forthcoming *Blakely* issue. In fact, *Blakely* followed the rule in *Apprendi*, as Petitioner acknowledges. "This case requires us to apply the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)." *Blakely v. Washington*, 542 U.S. at 2535. In *Apprendi*, the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be proven beyond a reasonable doubt. Under *Apprendi*, a judge could use the preponderance of the evidence standard in making a finding as to quantity so long as the sentence imposed did not exceed the statutory maximum. *Harris v. United States*, 536 U.S. 545, 558 (2002); *see also United States v. Leachman*, 309 F.3d 377, 383 (6th Cir. 2002). Therefore, *Apprendi* applies only if a factual finding by the judge increases the penalty for a crime beyond the prescribed statutory maximum. *Harris*, 536 U.S. at 558.

The statutory maximum for Count 22 was three years. 26 U.S.C. § 7212(a). Case law in existence at the time Petitioner was sentenced clearly stated that if a defendant was sentenced under the statutory maximum there was no *Aprrendi* error. Petitioner "can show no *Apprendi* error because the district court's imposition of each sentence was within the statutory maximum." *United States v. Wingo*, 76 Fed. Appx. 30, 35 (6th Cir. 2003) (citations omitted); *see also Harris*, 536 U.S. at 558; *Leachman*, 309 F.3d at 383. Therefore, to the extent Petitioner implicates the effectiveness of counsel, his attorney could not be ineffective for failing to raise any arguments relating to *Apprendi* and its progeny because even if Petitioner showed the first

7

prong of *Strickland*, he would be unable to show that the counsel's conduct was prejudicial.

Further, very recently, the Sixth Circuit reiterated that the rule announced in *Apprendi* still applies post-*Blakey* and *Booker*, holding that "[t]he court's finding increased the recommended, advisory range, but that range was still below the statutory maximum penalty. The district court did not act impermissibly." *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007). Thus because Petitioner was sentenced under the statutory maximum, his sentence was not in violation of *Apprendi* or *Blakely*.

Furthermore, claims that a sentence was imposed in violation of *Blakely* are now governed by the intervening decision in *Booker*, upon which Petitioner also relies, and are not retroactive under § 2255. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).[3]

**Ineffective Assistance of Counsel**

Petitioner's separate claims of ineffective of assistance of counsel are properly before this court, even though they were not raised on direct appeal. "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255

---

[3]In *Humpress*, the following factual scenario existed:
Humphress argued that his sentence was imposed in violation of *Blakely*, --- U.S. ---- 124 S.Ct. 2531, 159 L. Ed. 2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in *Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. Because we conclude that *Booker's* rule does not apply retroactively in collateral proceedings, we find this claim meritless.
*Humphress*, 398 F.3d at 860.

so that the parties can develop an adequate record on the issue." *United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004) (quoting *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir.1992); *see also Massaro v. United States*, 538 U.S. 500 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding)). To show that he was denied the effective assistance of counsel under federal constitutional standards,

> [f]irst, defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating alleged prejudice resulting from ineffective assistance of counsel, "[i]t is not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The standard to be applied is not that of a hypothetical perfect counsel, but that of reasonably effective counsel under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. The fundamental test of effective assistance of counsel is whether counsel "bring[s] to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.*

When evaluating counsel's performance under the *Strickland* test, the Sixth Circuit has emphasized that "[a] reviewing court must give a highly deferential scrutiny to counsel's performance. . ." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). This is based on the well-established principle that legal counsel is presumed competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). As the Court in *Strickland* stressed:

> it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

466 U.S. at 689.

"The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). A fair assessment of Petitioner's counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, so as to reconstruct the circumstances of his challenged conduct, and to evaluate the conduct from his perspective at the time. *Stickland*, 466 U.S. at 689. Federal court review presumes that an attorney "is competent, and therefore, 'the burden rests on the accused to demonstrate a constitutional violation.'" *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

Petitioner argues that his counsel never requested an evidentiary hearing (Dkt. #18, pages 10-11). Yet, because he was pleading guilty, there was no need for an evidentiary hearing.

10

Further, Petitioner's claim in this regard is vague. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

Petitioner argues that his counsel did not file objections relating to certain enhancements. Petitioner argues that objections to 2T1.4(a) and 3C1.1 were made, but then "recant with strong objections from the defendant" (Dkt. # ); see also (Dkt. #23, page 4). Petitioner argues that his "[c]ounsel did not object to the Government's preponderance of the evidence argument; Defendant use [sic] SOPHISTICATED MANIPULATIONS to deceive the Government and investors" (Dkt. #23, page 4). These allegations are false. Counsel did object and filed a motion arguing "[t]hat the case before the court was neither 'especially complex' nor 'especially intricate'" (Dkt. #11). At sentencing, counsel also stated that the objection regarding the issue of sophistication was still on the record and counsel orally argued the issue (Dkt. #31, pages 5-8).

Petitioner also claims that "[c]ounsel had informed Defendant that the Government had conceded to the fact that 'SOMEONE" had De facto paid the expenses for Frazier's racing Stable" (Dkt. #23, page 4). He goes on to state, "Counsel's actions which de facto was no action [whatsoever], accordingly, when evaluating Counsel's professional performance the Strickland standards have been used" (Dkt. #23, pages 4-5). He then states the *Strickland* standard and goes on to state that the government had to prove the sentencing factors beyond a reasonable doubt. However, Petitioner's arguments above, however, do not state a claim for ineffective assistance. Further, as it relates to the Governments burden, Petitioner was made aware of same

11

and still chose to plead guilty.  *See supra*, discussion at 4-5.

Additionally, Petitioner argues that if counsel had not withdrawn his "objection to CAUSING A TAX LOSS GREATER THAN $40,000, and compelled the Government to prove the tax loss greater than $0,000 ever occurred, it is probable that the [outcome] would have been different" (Dkt. #23, page 5).  The objection that was withdrawn at sentencing was for the obstruction of justice assessment by the probation department and counsel "indicated for the record that the withdrawal came after [he] had an opportunity to discuss that again with Mr. Frazier and it was done with his concurrence" (Dkt. #31, pages 4-5).  There is no evidence in the transcript that Petitioner did not concur as his counsel indicates.

Petitioner also argues that "in determining that some of the offenses would not group with the others pursuant to §3D1.2 of the Federal Sentencing Guide Lines [sic] (18 U.S.C.S. Appr.)" he was prejudiced by counsel under *Strickland* because his counsel failed to argue this determination, which resulted in an increase of six to eight months of his sentence (Dkt. #27, page 5).  Prior to the sentencing, counsel did file a "Motion to Accept Alternative Guidelines Computation." In this he argued that the sentencing range should be six to twelve months (Dkt. #11, page 2, Exhibit #2).  Thus, counsel employed a strategy to reduce Petitioner's sentence and was not ineffective.

Petitioner also argues that his counsel was ineffective because he was operating under a conflict of interest.  Petitioner argues that "during the time defendant was being sentenced, counsel was running for prosecuting attorney for the City of Flint" (Dkt. #18, page 5).  Respondent argues that

The United States District Court for the Eastern District of Pennsylvania recently considered a similar claim in *United States v. Franklin*, 213 F. Supp. 2d 478. District Judge Van Antwerpen wrote as follows:

> Defendant claims that trial counsel, Glennis L. Clark, Esq., was burdened by an actual conflict of interest in that simultaneous to his representation in this case, he was a candidate for the elected position of District Attorney for Lehigh County, Pennsylvania. Defendant argues that this candidacy for office, in and of itself, is an actual conflict of interest which requires reversal of his conviction.
>
> * * *
>
> Defendant supplies no support or authority for the proposition that a defense attorney's candidacy for a prosecution position creates an actual conflict of interest, and he certainly supplies no support for the extension of this proposition to include a situation, such as the one subjudice, where a defense attorney in federal court is seeking a local district attorney position in a different county from where the crime occurred. This is not the least bit surprising as no such support exists.
>
> Though a question of first impression in this circuit, other district and appellate courts have addressed the question of whether a defense attorney seeking employment or elected office in a prosecutor's office creates an actual conflict of interest, and all have held that no actual conflict exists in such situations. For example, in *United States v. Horton*, 845 F.2d 1414, 1418 (7th Cir.1988), the Seventh Circuit held that there was no actual conflict where defense counsel was seeking appointment as United States Attorney at the time of trial proceedings.
>
> * * *
>
> Similarly, in *Moreland v. Scott*, 175 F.3d 347, 348-49 (5th Cir.1999), the Fifth Circuit held that there was no actual conflict . . . where defense counsel in a state capital murder trial knew that he would be running for district attorney in the next election.
>
> * * *
>
> *See also*, *Garcia v. Bunnell*, 33 F.3d 1193 (9th Cir.1994) (holding that, irrespective of waiver, defense attorney who had accepted a position with the prosecution to commence immediately after trial labored under a potential and not an actual conflict of interest); *United States v. Unruh*, 855 F.2d 1363, 1379 (9th Cir.1986) (finding no ineffective assistance of counsel where counsel failed to inform defendant of application for employment with the United States Attorney until just before trial).

> \* \* \*
>
> In light of this jurisprudence and the record in this case, we find that trial counsel's candidacy for the position of Lehigh County District Attorney created, at most, a potential conflict interest. Defendant is thus not entitled to the presumption of prejudice .... As the record is totally devoid of any indication indicating that counsel's performance was influenced by his candidacy and Defendant has submitted nothing other than unsupported assertions to the contrary, this claim must be denied without a hearing. The burden of proof is upon the defendant in habeas corpus proceedings. Bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing in habeas corpus matters.

(Dkt. #20, pages 5-7). An examination of this case and the cases cited by Respondent demonstrate Petitioner's claim is deficient.

Additionally, the Sixth Circuit has held that there is no conflict of interest resulting in ineffective assistance of counsel where the city attorney was appointed by the court to represent appellant in a criminal case. *Powell v. Bordenkircher*, 789 F.2d 425 (6th Cir. 1986). Although, the Sixth Circuit took into consideration the nature of the small town in which the appellant in the *Powell* case was tried, it held that he had not shown an actual conflict of interest or denial of effective assistance of counsel. *Id.* at 427. Likewise, the Petitioner here has not shown an actual conflict of interest or denial of effective assistance of counsel. Further, in *Powell* counsel was the city attorney, not simply running for office as was the case with Petitioner's counsel in this case. Thus, given the case law provided by Respondent as well as the *Powell* case, Petitioner has not shown any violation of his Sixth Amendment rights.

## V. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

**DATED**: May 30, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>May 30, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Robert W. Haviland,</u>

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Char Lee Frazier, 1430 DuPont Street, Flint, MI 48504</u>.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov
