UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAR LEE FRAZIER

                                            CIVIL CASE NO. 03-50025

                  Petitioner,

v.                                        HONORABLE PAUL V. GADOLA
                                            U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,

                  Respondent.
_____/

## **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Now before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence while in Federal Custody, pursuant to 28 U.S.C. § 2255 and Magistrate Judge Steven D. Pepe's May 30, 2007, Report and Recommendation on the matter. Magistrate Judge Pepe's Report and Recommendation recommends that Petitioner's motion be denied.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.*" Thomas v. Arn*, 474 U.S. 140, 150 (1985).

If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo*. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). *De novo* review in these circumstances requires at least a review of the evidence before the

magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

When considering whether a party has filed objections, the Court is mindful of Federal Rule of Civil Procedure 72(b) which requires that a party objecting to a report an recommendation "serve and file *specific*, written objections" to the report and recommendation. Fed. R. Civ. P. 72(b)(emphasis added). When a party files a general objection to the entirety of the report recommendation, "the district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec. of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). Requiring a district court to review the entire record *de novo,* merely because a party has filed general objections to the Report and Recommendation, would be inconsistent with the purpose of the Federal Magistrate's Act. *See United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid in the efficient administration of justice."). Therefore, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed," *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), and the Court should treat the general objection

2

as if the party had failed to file any objection. *Howard*, 932 F.2d at 509.

In the instant case, on June 11, 2007, Petitioner filed an untitled document stating, "Now comes the petitioner who reserve[s] the right to appeal the denial of an evidentiary hearing; simply put the truth has not been told, nor were my rights protected by the Attorney in which the trust was given." Docket Entry #33, p. 2. It is difficult for the Court to construe the exact nature of Petitioner's specific objections, if any, as set forth in the filing. Therefore, it would be entirely proper for this Court to treat the Report and Recommendation as if *no* objections have been filed.

Nevertheless, to the extent that the Court is able to construe Petitioner's filing as an objection to the Magistrate's recommendation as to Petitioner's claim of ineffective assistance of counsel, the Court has reviewed the record *de novo*. Following this *de novo* review, the Court can assign no error to the Report and Recommendation.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry #32] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence while in Federal Custody, pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED.**

Dated:   July 17, 2007            s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on   July 17, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:     Robert W. Haviland    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Char Lee Frazier    .<br><br>    s/Ruth A. Brissaud<br>    Ruth A. Brissaud, Case Manager<br>    (810) 341-7845 |